**LAW OFFICES OF MICHAEL LABRUM**
**MICHAEL D. LABRUM, SBN 284403**
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Michael@LabrumLaw.com
LabrumLaw.com
Phone: (805) 267-1171

Attorneys for Plaintiffs Howard and Iuliia Walther

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD WALTHER and IULIIA WALTHER,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MONTECITO BANK & TRUST, a California Corporation, AMERICAN RIVIERA BANK, a California Corporation, and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | Case No.:  2:24-cv-1936<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) BREACH OF CONTRACT;<br><br>2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;<br><br>3) NEGLIGENCE;<br><br>4) CONVERSION;<br><br>5) VIOLATION OF CALIFORNIA UNIFORM COMMERCIAL CODE §4402;<br><br>6) DECLARATORY RELIEF.<br><br>[Demand for Jury Trial] |

NOW COMES Plaintiffs HOWARD WALTHER and IULIIA WALTHER ("PLAINTIFFS") bringing this complaint for damages against MONTECITO BANK & TRUST, AMERICAN RIVIERA BANK, and DOES 1 through 25, inclusive (collectively referred to as "DEFENDANTS") arising from violations of California Uniform Commercial Code and additional causes of action asserted against DEFENDANTS. PLAINTIFFS allege the following:

## INTRODUCTION

1. This action arises from the direct and wrongful violations of the California Uniform Commercial Code, breach of contract, and breach of the implied covenant of good faith and fair dealing by DEFENDANTS which resulted in substantial economic and non-economic damages.

2. PLAINTIFFS prays for leave to amend this Complaint, on a later date, regarding ultimate facts, causes of action, additional defendants, and/or damages which will be based upon findings related to continuing discovery and investigation. PLAINTIFFS are entitled to a monetary judgment for all damages caused by DEFENDANTS.

## PARTIES AND JURISDICTION

3. PLAINTIFFS HOWARD WALTHER and IULIIA WALTHER are residents of Clark County, Nevada and were customers and account holders of DEFENDANTS

MONTECITO BANK & TRUST and AMERICAN RIVIERA BANK, at all times indicated herein.

4. Defendant MONTECITO BANK & TRUST is a California Corporation doing business as a financial institution in the State of California with its principal office location at 1010 State Street, Santa Barbara, California 93101, at all times indicated herein.

5. Defendant AMERICAN RIVIERA BANK is a California Corporation doing business as a financial institution in the State of California with its principal office location at 1033 Anacapa Street, Santa Barbara, California 93101.

6. PLAINTIFFS do not know the true names and capacities, whether individual, corporate, associate or otherwise, of DEFENDANTS DOES 1 through 25, inclusive. These DOE Defendants are sued pursuant to the provisions of Code of Civil Procedure § 474. PLAINTIFFS are informed and believes, and on that basis allege, that each Doe Defendant was in some manner responsible, participated in, or contributed to the matters and things of which PLAINTIFFS complain herein and, in some fashion, has legal responsibility, therefore. If PLAINTIFFS determines the exact nature and identity of such Doe Defendants responsible for participation in and contribution to the matters herein alleged, PLAINTIFFS will seek to amend the complaint to add the DOE Defendant.

7. Pursuant to U.S.C. Section 1332, this Court has jurisdiction to hear and adjudicate this case because PLAITNIFFS and DEFENDANTS are citizens of different states and the amount of damages sought by PLAINTIFFS exceed $75,000. DEFENDANTS conduct business in the State of California and their principal offices are

located in Santa Barbara, California. PLAINTIFFS are citizens of the State of Nevada. All allegations in this Complaint are based on information and belief, and these allegations are likely to have evidentiary support after a reasonable opportunity for further discovery and investigation.

## FACTUAL DISCUSSION

8. The allegations of paragraphs 1 through 7 are herein re-alleged and incorporated by reference.

9. On or about October 31, 2018, PLAINTIFFS were arrested, confined in jail, and prosecuted as a proximate result of DEFENDANTS wrongful dishonor of checks that were properly payable. PLAINTIFFS were confined until December 12, 2018.

10. On or about December 1, 2022, PLAINTIFFS discovered, after years of concealment, DEFENDANTS wrongfully dishonored two checks that were properly payable on or about October 23, 2018 causing the arrest, confinement, and prosecution of PLAINTIFFS. Indeed, PLAINTIFFS discovered DEFENDANTS acknowledged in writing that the two checks were properly payable checks and DEFENDANTS provided two "substitute" checks so PLAINTIFFS could obtain the funds.

11. Furthermore, DEFENDANTS dishonored four additional checks.

12. DEFENDANTS dishonored the checks on the following dates and in the following amounts:

    a) October 10, 2018 for $50,000;

b) October 16, 2018 for $50,000;

c) October 17, 2018 for $36,000;

d) October 10, 2018 for $9,000;

e) October 15, 2018 for $9,500;

f) October 16, 2018 for $58,000.

13. PLAINTIFFS were arrested on October 31, 2018 and then released on December 31, 2018 for a total incarceration period of 43 days.

14. HOWARD WALTHER was the power of attorney for both bank accounts held by his mother, Dorothy B. Walther. In fact, the power of attorney was drafted and created by the DEFENDANTS.

15. On or about December 1, 2022, PLAINTIFFS discovered, after years of concealment, that DEFENDANTS in fact wrongfully dishonored two checks that were properly payable in October 2018 causing the arrest, confinement, and prosecution of PLAINTIFFS. Indeed, PLAINTIFFS discovered DEFENDANTS acknowledged in writing that the two checks were properly payable checks and DEFENDANTS provided two "substitute" checks so PLAINTIFFS could obtain the funds.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION

**(Breach of Contract)**

16. The allegations of paragraphs 1 through 15 are herein re-alleged and incorporated by reference.

17. DEFENDANTS and IULIIA WALTHER entered into a banking contract when IULIIA WALTHER opened bank accounts with DEFENDANTS. More, DEFENDANTS entered into a banking relationship and agreement with HOWARD WALTHER by creating and drafting a power of attorney for HOWARD WALTHER on behalf of their contracting client, Dorothy B. Walther.

18. By terms of the banking agreement, DEFENDANTS were required to honor all checks deposited by PLAINTIFFS.

19. DEFENDANTS breached the contract by failing to honor all checks deposited by PLAINTIFFS that were properly payable.

20. DEFENDANTS wrongfully prevented PLAINTIFFS from utilizing the proceeds of the deposited checks.

21. DEFENDANTS wrongful actions and conduct proximately caused the arrest, confinement, and prosecution of PLAINTIFFS.

22. PLAINTIFFS performed all terms and conditions required by the contract, except for those terms and conditions that have been excused by reason of DEFENDANTS breach alleged herein.

## SECOND CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

23. The allegations of paragraphs 1 through 22 are herein re-alleged and incorporated by reference.

24. In every contract, the law implies a covenant of good faith and fair dealing requiring DEFENDANTS to not impair the rights and benefits of the other contractual party.

25. DEFENDANTS intentionally, negligently, carelessly, and recklessly dishonored checks deposited by PLAINTIFFS causing PLAINTIFFS to be wrongfully arrested, confined, and prosecuted. DEFENDANTS acknowledged the checks were indeed properly payable despite dishonoring the deposited checks.

26. DEFENDANTS conduct and actions represented a breach of the implied covenant of good faith and fair dealing.

27. As a direct and proximate result of DEFENDANTS' breach of the implied covenant of good faith and fair dealing, PLAINTIFFS were subjected to, *inter alia*, arrest, confinement, prosecution, stress, embarrassment, humiliation, severe emotional distress,

deprivation of liberty, mental anguish, and monetary losses defending PLAINTIFFS' innocence in an amount to be determined at trial.

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

### (Negligence – Commercial Code Sections 1203 and 4103)

28. The allegations of paragraphs 1 through 27 are herein re-alleged and incorporated by reference.

29. As a bank, DEFENDANTS owed a duty of care to PLAINTIFFS, pursuant to Article 4 of the Uniform Commercial Code, in the handling of PLAINTIFFS bank accounts. DEFENDANTS breached its duty owed to PLAINTIFFS by failing to exercise ordinary and customary care required of the general banking industry in the handling of PLAINTIFFS' bank accounts. DEFENDANTS actions and conduct were in violation of generally accepted banking practices, including, but not limited to:

    a.    Dishonoring checks that were properly payable;

    b.    Refusal to make funds available;

    c.    Seizing client funds without notice or reasonable cause; and

    d.    Reporting PLAINTIFFS for erroneous criminal activity without reasonable cause.

30. As a proximate result of DEFENDANTS' breach of the duty of care owed to PLAINTIFFS, PLAINTIFFS suffered actual and consequential damages in amount to be proven at trial.

31. DEFENDANTS acts were wrongful and in bad faith based on the allegations described in this Complaint.

32. DEFENDANTS' actions and conduct as described in this Complaint were oppressive, fraudulent, malicious, and with reckless disregard to the right of PLAINTIFFS within the meaning of Civil Code Section 3294. Therefore, PLAINTIFFS seek an award of exemplary damages against DEFENDANTS.

## **FOURTH CAUSE OF ACTION**

### **(Conversion)**

33. The allegations of paragraphs 1 through 32 are herein re-alleged and incorporated by reference.

34. PLAINTIFFS were the beneficial owner of the funds in PLAITNIFF'S bank accounts, at all times mentioned herein. PLAINTIFFS were entitled to possession and use of the funds.

35. DEFENDANTS transferred out all available funds from PLAINTIFFS' bank accounts depriving PLAINTIFFS of use and possession of the funds.

36. As a proximate result of DEFENDANTS' conversion, PLAINTIFFS suffered actual and consequential losses in an amount to be determined at trial.

37. At the time DEFENDANTS converted the funds, DEFENDANTS conduct and actions were malicious, oppressive, willful, and with reckless disregard for the rights of PLAINTIFFS because DEFENDANTS failed to perform any reasonable investigation prior to wrongfully converting the funds.

## FIFTH CAUSE OF ACTION

### (Violation of California Commercial Code Section 4402)

38. The allegations of paragraphs 1 through 37 are herein re-alleged and incorporated by reference.

39. DEFENDANTS were required by California Commercial Code Section 4402 to honor a check properly payable.

40. Here, DEFENDANTS wrongfully dishonored checks deposited by PLAINTIFFS. DEFENDANTS later issued 'substitute' checks acknowledging that the original checks were indeed properly payable, and DEFENDANTS had erroneously dishonored the checks. The wrongful dishonor of the checks was also a breach of the banking contract between DEFENDANTS and PLAINTIFFS.

41. Clearly, DEFENDANTS violated California Commercial Code Section 4402.

42. DEFENDANTS knew, or should have known, that the wrongful refusal to honor a valid check frequently results in arrest and imprisonment. Notwithstanding this knowledge, DEFENDANTS refused to honor the checks deposited by PLAINTIFFS.

43. DEFENDANTS are liable for all consequential damages including, but not limited to, reputational damage, emotional distress, criminal defense fees and costs, anxiety, mental anguish, inconvenience, stress,

44. As a direct and proximate result of the conduct of DEFENDANTS, PLAINTIFFS have suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial. Specifically, PLAINTIFFS suffered humiliation, mental anguish, and emotional distress.

45. DEFENDANTS actions and conduct were undertaken willfully, maliciously, and in reckless disregard for PLAINTIFFS rights, and as a direct and proximate result thereof PLAINTIFFS suffered economic and non-economic damages to be proven at trial.

## SIXTH CAUSE OF ACTION

**(Declaratory Relief)**

46. The allegations of paragraphs 1 through 45 are herein re-alleged and incorporated by reference.

47. An actual controversy has arisen and now exists between PLAINTIFFS and DEFENDANTS concerning their respective rights and obligations with respect to financial accounts held by DEFENDANTS for PLAINTIFFS which form the basis of this lawsuit. PLAINTIFFS contend that DEFENDANTS are responsible for all losses suffered by PLAINTIFFS. DEFENDANTS' conduct and actions were in violation of California

Uniform Commercial Code Section 4402 as well as breach of contract and breach of the implied covenant of good faith and fair dealing.

48. PLAINITFFS desire to have a judicial determination and declaration of the respective rights and duties of the parties pursuant to applicable California law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS respectfully request trial by jury for a judgment against DEFENDANTS for recovery of all damages, including all economic and non-economic damages. Specifically, PLAINTIFFS pray for judgment against DEFENDANTS as follows:

1. For compensatory damages, including but not limited to all special, general, consequential, and inconvenience damages, to be proven at trial which are in excess of seventy-five thousand dollars ($75,000.00);
2. For pre-judgment interest at the legal rate of ten percent;
3. For all fees and costs incurred for this lawsuit as well as for the underlying criminal defense matter;
4. For reasonable attorney's fees to the extent allowed by statute or contract;
5. For a judicial declaration regarding the rights and responsibilities of the PLAINTIFFS and DEFENDANTS related to the contract of the parties.
6. For exemplary damages for the second, fourth, and fifth causes of action, according to proof; and

7. For other and further relief as this Court may deem just and proper.

Dated: February 28, 2024      **LAW OFFICES OF MICHAEL LABRUM**

_____
Michael Labrum, Esq.
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES                                    PAGE **13** OF **13**